William Roger WINKLE and Janie
WINKLE *v.* Milton RHODES and
Mary RHODES et al

79-177                                    594 S.W. 2d 5

Supreme Court of Arkansas
Opinion delivered February 4, 1980
Rehearing denied March 10, 1980

*Roger & Janie Winkle,* for appellants.

*R. Scott Campbell, Wallace, Hilburn, Clayton, May & Calhoun, Ltd.,* and *Wright, Lindsey & Jennings,* for appellees.

JOHN I. PURTLE, Justice. William Roger Winkle and Janie Winkle appeal from the order of the Garland Chancery Court dated January 17, 1979. This order was only one in a myriad of items involving the Winkles and other parties in Garland County. The order appealed from here related to a petition for writ of possession by Milton Rhodes and Mary Rhodes against the Winkles; interrogatories propounded by Winkles to Rhodes; exemption of property possessed by the Winkles from execution; and garnishment of wages by Rhodes against Winkle. The grounds urged on appeal appear to relate primarily to prior decrees or decisions by the various courts. We affirm the judgment of the chancellor.

It is necessary to refer to at least some of the prior actions in order to understand what the present appeal is about. Due to a series of unfortunate circumstances the Winkles are presenting the case pro se. It is almost always unfortunate when a party represents himself in a legal proceeding involving complex legal matters such as are present in this case. We realize the Winkles have done everything they can to present to this Court their views on all past proceedings relating to

the purchase of property, option to purchase other property and the foreclosure and sale of their home and business.

This particular case arose indirectly from a complaint filed in the Garland Chancery Court on October 6, 1977, wherein the Winkles sued the Rhodes and the Flemings, as well as the First Federal Savings & Loan Association. The Winkles charged breach of contract, usury and several other matters. The court ruled against them on most, if not all, allegations. They filed timely notice of appeal to this Court and the case was docketed No. 79-38. This Court granted appellees' motion to dismiss the appeal on May 21, 1979, for reasons not relevant to the present appeal.

This appeal was docketed as No. 79-177. It relates to the order of the Garland Chancery Court dated January 17, 1979. The only matters decided by that order were whether certain property taken from the home occupied by the Winkles and sold pursuant to prior order of the court belonged to the Rhodes or the Winkles; whether Winkle's wages were subject to garnishment as a result of a deficiency judgment obtained by Rhodes against the Winkles in Case No. 79-38; and matters relating to exemption from the earlier judgment.

During the hearing from which the present appeal results, the Winkles repeatedly referred to matters which were decided in the trial of the former case. They also made many references to matters which may have been proper in the first trial but were not relevant to the matters then under consideration by the chancellor. However, the trial court rejected all efforts to reopen the former trial because it had been appealed to this Court, which appeal was subsequently dismissed.

As is always the case, there were a number of things which the Winkles could have properly done in the first trial but failed to do. They desired to relitigate the issues but the court held the former trial was res judicata. No doubt the Winkles do not understand the legal principles involved and, of course, are not well learned in court procedures. No doubt they feel they have been denied justice. However, the present

appeal cannot be used to review the prior decrees and opinions which have been acted upon by the courts. It is simply too late for these matters argued by appellants to be considered in this appeal.

The only issue properly before this Court at this time is the argument that the chancellor was prejudiced. We cannot find any evidence whatsoever in the record before us to indicate the chancellor was prejudicial in any manner against the Winkles. Therefore, we must affirm the trial court in this matter.

Affirmed.